**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────

**LUIS HUITZIL,**

                **Plaintiff,**

      - against -                  **09 Civ. 00451(JGK)**

**DELTA INTERNATIONAL MACHINERY CORP.,**

                **Defendant.**        **MEMORANDUM OPINION AND**
                                                                **ORDER**
─────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Luis Huitzil, originally sued the defendant, Delta International Machinery Corp., ("Delta"), in New York State court, alleging four causes of action in connection with a 2004 accident stemming from the plaintiff's use of a table saw manufactured by the defendant. The defendant removed the case to this Court and now brings this motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

**I.**

    The standard for granting summary judgment is well established. "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Gallo v. Prudential Residential Servs., LP, 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's

1

task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.  The substantive law governing the case will identify those facts which are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Behringer v. Lavelle Sch. for Blind, No. 08 Civ. 4899, 2010 WL 5158644, at *1 (S.D.N.Y. Dec. 17, 2010).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).  Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference

could be drawn in favor of the non-moving party.  See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994).  If the moving party meets its burden, the non-moving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . . ."  Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993); see also Scotto v. Almenas, 143 F.3d 105, 114-15 (2d Cir. 1998) (collecting cases); Behringer, 2010 WL 5158644, at *1.

**II.**

The following facts are undisputed unless otherwise noted.  On March 26, 2004, while working at Globus Cork, ("Globus"), the plaintiff was seriously injured while operating a table saw.  (Def.'s 56.1 Stmt. ¶¶ 1-2; Pl.'s Resp. to Defs.' 56.1 Stmt ("Pl.'s 56.1 Resp."); Compl. ¶¶ 9-11.)  The table saw was manufactured by the defendant, and was purchased by Globus some time in 2000.  (Def.'s 56.1 Stmt. ¶¶ 2, 7-10; Pl.'s 56.1 Resp.)  Claiming not to know the table saw's manufacturer, the plaintiff filed suit against the "John Doe" manufacturer of the table saw in New York State Supreme Court, Bronx County, on February 9, 2007.  (Statfeld Aff. Ex 1.)  The plaintiff then attempted to obtain the identity of the table saw's manufacturer by contacting Globus, and claims that Globus forestalled his

efforts and refused to give him access to the table saw. (Statfeld Aff. ¶ 3.) According to the plaintiff's counsel, it was only after making a contempt motion in New York State Supreme Court that Globus revealed that the defendant was the manufacturer of the table saw. (Statfeld Aff. ¶ 8.) On December 3, 2007, the plaintiff filed an amended complaint naming "Delta Rockwell Porter Cable" as a defendant and alleging four causes of action: (1) negligence, (2) breach of express warranty, (3) breach of implied warranty, and (4) strict liability in tort. (Berman Aff. Ex. A ¶¶ 12, 20, 23, 32.) The plaintiff then moved in state court for leave to add "Delta International Machinery Corp." as a defendant. (Pl.'s Opp Mem. Ex. 5 ("Tr.") at 21.) That motion was mooted by the defendant's removal of the action, on behalf of "Delta Rockwell," to this Court on January 16, 2009. Id. at 15. On June 4, 2009, the plaintiff then moved in this Court to amend his summons and complaint to add "Delta Machinery Corp." The motion was denied, in part, because the defendant had not yet answered the complaint, and therefore the plaintiff could amend without seeking permission. (Tr. at 20, 24.)

The plaintiff filed an amended complaint naming the defendant on March 12, 2010. (Berman Aff. Ex. B.) In response, the defendant filed a motion for summary judgment on the grounds

that the plaintiff's claims are barred by the applicable statutes of limitation.

## II.

### A.

"[I]t is well established that in diversity cases state law governs not only the limitations period but also the commencement of the limitations period." Dooley v. Columbia Presbyterian Med. Ctr., No. 06 Civ. 5644, 2009 WL 129941, at *2 (S.D.N.Y. Jan. 16, 2009)(collecting cases); see also Celli v. Metro-N. Commuter R.R., 891 F. Supp. 124, 125 (S.D.N.Y. 1995) aff'd, 101 F.3d 108 (2d Cir. 1996); Monaghan v. SZS 33 Assocs., L.P., 827 F.Supp. 233, 241 (S.D.N.Y. 1993) (Sweet, J.)(a federal court must apply the substantive law of the forum state under Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941), including the statute of limitations unless the borrowing statute applies).  Under New York State law, actions for "personal injury arising from a breach of warranty" are governed by the statute of limitations for "breach of any contract," which requires actions to be commenced within four years of the delivery of the product.  McCarthy v. Bristol Labs., 401 N.Y.S.2d 509, 511 (App. Div. 1978)(citing N.Y.U.C.C. § 2-725(1)); see also Chase Manhattan Bank, N.A. v. T & N plc, 905

5

F. Supp. 107, 115 (S.D.N.Y. 1995); N.Y. U.C.C. § 2-725(2). Here, it is uncontested that Globus purchased the table saw some time in 2000. (Def.'s 56.1 Stmt. ¶ 2.);(Pl.'s 56.1 Resp.) Therefore, an action for breach of warranty must have been filed, at the latest, by December 31, 2004, more than two years before the plaintiff filed his first complaint in state court. (Statfeld Aff. ¶ 2.)  Accordingly, the plaintiff's claims for breach of express warranty and breach of implied warranty are untimely.

**B.**

Under New York State law, personal injury claims based on negligence or strict liability must be commenced within three years of the date of the accident.  See N.Y.C. P.L.R. 214(5); see also Williams v. Dow Chem. Co., No. 01 Civ. 4307, 2004 WL 1348932, at *3 (S.D.N.Y. June 16, 2004)(citing Gianakakos v. Commodore Home Sys, Inc., 727 N.Y.S.2d 806, 808 (App. Div. 2001), leave denied, 97 N.Y.2d 606,764 (2001)).  Here, the accident occurred on March 26, 2004.  (Statfeld Aff. ¶ 1.) Therefore, an action based on negligence or strict liability was untimely unless it was filed on or before March 26, 2007.  The defendant claims that the plaintiff's complaint is untimely because the defendant was not first added as a party until

December 3, 2007.[1]  The plaintiff contends that the filing of the "John Doe" complaint on February 21, 2007 tolls the statute of limitations under New York Civil Practice Laws and Rules ("CPLR") § 1024, and also that the amended complaint should be allowed under Federal Rule of Civil Procedure 15(c).  (Statfeld Aff. ¶ 2);(Pl.'s Opp. Mem. ¶ 10, 15.)  In response, the defendant asserts that the plaintiff has not met his burden under CPLR § 1024 or Rule 15(c).  (Berman Reply Aff. ¶¶ 4, 12.)

Under Federal Rule of Civil Procedure 15(c)(1):

[a]n amendment to a pleading relates back to the date of the original pleading when:

**(A)** the law that provides the applicable statute of limitations allows relation back;

**(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

**(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

---

[1] The defendant also alleges that the defendant first received notice of a potential claim when it received the plaintiff's state court motion on January 5, 2009.  (Def.'s 56.1 Stmt. ¶ 15; Berman Aff ¶8A.) The reference in paragraph six of the Berman affidavit that Delta did not receive notice until "December of 2009," is plainly a typographical error.  The next paragraph refers to the service of the proposed complaint that named Delta in "January 2009."

7

>    **(i**) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>    **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

CPLR § 1024 is a relevant New York State law that would be included under Rule 15, and could allow an amendment to relate back to an earlier pleading where, as here, New York law provides the relevant statute of limitations.  However, it is clear that the plaintiff has not satisfied the requirements of CPLR § 1024.

The language in 15(c)(1)(A) was added to Rule 15 to make it clear that "where state law governs the statue of limitations, relation back may apply if it would be permissible under state law." Da Cruz v. Towmasters of N.J., 217 F.R.D. 126, 129 (E.D.N.Y. 2003).  The Advisory Committee's Note to the 1991 Amendment instructs courts to apply the "law afford[ing] a more forgiving principle of relation back . . . to save the claim." Fed. R. Civ. P. 15(c)(1) advisory committee's note; see also Smith v. Bank of N.Y. Mellon Corp., No. 09 Civ. 9212, 2011 WL 1642318, at *1 (S.D.N.Y. Apr. 25, 2011). Courts in this district have held that New York State law is more forgiving of amendments involving "John Doe" defendants than the Federal Rules of Civil Procedure.  See, e.g., Williams v. United States, No. 07 Civ. 3018, 2010 WL 963474, at *12 (S.D.N.Y. Feb. 25,

2010), report and recommendation adopted, No. 07 Civ. 3018, 2010 WL 963465 (S.D.N.Y. Mar. 16, 2010); Wilson v. City of New York, No. 03 Civ. 2495, 2006 WL 2528468, at *3 (S.D.N.Y. Aug. 31, 2006).

CPLR § 1024 provides, in relevant part:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known.

This provision authorizes the filing of complaints against "John Doe" defendants.  The filing of a "John Doe" complaint can toll the applicable statute of limitations, provided the plaintiff "show[s] that he made genuine efforts to ascertain the defendants' identities prior to the running of the [s]tatute of [l]imitations."  Luckern v. Lyonsdale Energy Ltd. P'Ship, 654 N.Y.S.2d 543, 545 (App. Div. 1997)(internal quotations omitted); accord Mabry v. N.Y.C. Dept. of Corr., No. 05 Civ. 8133, 2008 WL 619003, at *6 (S.D.N.Y. Mar. 7, 2008); Murphy v. West, 533 F. Supp. 2d 312, 316 (W.D.N.Y. 2008); Wilson, 2006 WL 2528468, at *3.  "The plaintiff must show that the persons named as unknown were actually unknown."  Luckern, 654 N.Y.S.2d at 545-46.  In order to make such a showing, a plaintiff "should present an affidavit stating that a diligent inquiry has been made to determine the names of such parties."  Id. at 546.

In this case, the plaintiff's lawyer submitted an affidavit stating his difficultly in determining the true identity of the table saw's manufacturer, primarily due to Globus's refusal to cooperate with requests for information regarding the table saw. (Statfeld Aff. ¶¶ 3-8.)  In response, the defendant offers photographs of the machine in question, which clearly bears the name "Delta" on its front, as well as a transcript from the plaintiff's deposition where the plaintiff admits that he knew the word "Delta" appeared on the machine at the time of the accident, and that he knew he had an accident that involved a machine manufactured by Delta.  (Berman Aff. Ex. D at 80-82);(Ex. F.)  Moreover, the plaintiff admits in his response to the defendant's 56.1 statement that, "[the plaintiff] knew [the table saw] was a Delta machine when he began using it."  (Pl.'s 56.1 Stmt.); (Def.'s 56.1 Stmt. ¶ 7.)  The plaintiff presents no evidence to suggest that he attempted to determine what "Delta" was prior to the running of the statute of limitations, nor does he indicate that he shared this information with his attorney.[2]  See (Berman Aff. ¶ 11.)  Therefore, the plaintiff has not shown that he made a "diligent inquiry" into the true identity of the

---

[2] Counsel for the plaintiff claims in his memorandum of law in opposition to this motion that the plaintiff only knew the table saw was manufactured by the defendant "after he viewed the saw at the employer's plant."  This assertion is directly contradicted by the plaintiff's own deposition and by his response to the defendant's 56.1 statement.

manufacturer of the table saw.  Indeed, he knew the identity of the defendant from the date of the accident and failed to sue the defendant within the statute of limitations.  Accordingly, the plaintiff is not entitled to tolling of the statute of limitations under CPLR § 1024.

The plaintiff's argument for relation back under Rule 15(c)(1)(C) fares no better.  As stated above, when an amended pleading changes a party or the naming of a party, the pleading relates back to the original pleading date only if, in addition to other requirements, the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii); see also Krupski v. Costa Crociere S. p. A., 130 S.Ct. 2485, 2493 (2010).  "If the reason for not naming the party is anything other than a mistake of identity, then the relation back doctrine is unavailable."  Nordco, A.S. v. Ledes, No. 95 Civ. 7753, 1999 WL 1243883, at *3 (S.D.N.Y. Dec. 21, 1999) (citations omitted); see also Pro Bono Invs., Inc. v. Gerry, No. 03 Civ. 4347, 2005 WL 2429787, at *9 (S.D.N.Y. Sept. 30, 2005).  Moreover, under Rule 15(c), an amendment replacing "John Doe" defendants with named defendants does not relate back to the filing date of the original complaint "if the newly-added defendants were not named originally because the plaintiff did

11

not know their identities." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1996); see also Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993). Here, the plaintiff does not allege a mistake as to the identity of the table saw's manufacturer but rather an inability to obtain the manufacturer's identity.[3] (Statfeld Aff. ¶¶ 3-8.) Accordingly, the relation back doctrine pursuant to Rule 15(c)(1)(C) is inapplicable to the plaintiff's amended complaint, and it is therefore untimely.

---

[3] The Supreme Court makes clear in Krupski that the touchstone of 15(c)(1)(C) is a showing that the defendant "knew or should have known that, absent some mistake, the action would have been brought against him." Krupski, 130 S.Ct at 2494. In this case, the initial complaint was filed on February 9, 2007. There is no evidence to indicate that the defendant ever received notice that it was potentially subject to a claim until January 2009, long after the statute of limitations had passed.

12

## Conclusion

The Court has carefully considered all of the parties' arguments. To the extent not specifically discussed above, they are either moot or without merit. The defendant's motion for summary judgment is **granted**. The Clerk is directed to enter judgment dismissing the complaint and closing this case. The Clerk is also directed to close all pending motions.

SO ORDERED.

Dated: New York, New York
July 20, 2011

John G. Koeltl
United States District Judge

13